FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ MAY 11 2010 ★
BROOKLYN OFFICE

ORIGINAL
D&F
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
373 WYTHE REALTY, INC.,

               Plaintiff,

-against-

INDIAN HARBOR INSURANCE COMPANY,

               Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-1247 (FB) (RML)

*Appearances:*
*For the Plaintiff:*
JAMES M. STRAUSS, ESQ.
THOMAS A. MARTIN, ESQ.
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, New York 10175

*For the Defendant:*
GLENN JEFFREY FUERTH, ESQ.
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
150 East 42nd Street
New York, New York 10017

**BLOCK, Senior District Judge:**

      373 Wythe Realty ("Wythe") seeks a declaratory judgment ordering Indian Harbor Insurance Company ("Indian Harbor") to defend and indemnify Wythe in a pending state court lawsuit. Indian Harbor moves to dismiss for failure to state a claim under Rule 12(b)(6); Wythe cross-moves for partial summary judgment under Rule 56. For the following reasons, Indian Harbor's motion is denied; Wythe's motion is granted in part and denied in part.

I

      The Court first turns to Indian Harbor's motion to dismiss; disposing of Indian Harbor's motion will settle much of Wythe's motion for summary judgment. The facts of Wythe's complaint are as follows.

Wythe manages a property at 373 Wythe Avenue ("the Property") in Brooklyn. Wythe engaged the services of The Wrecking Group, Inc. ("Wrecking") to perform some demolition and asbestos abatement work at the Property. The contract between Wythe and Wrecking contained a standard indemnification provision that required Wrecking to indemnify and hold harmless Wythe. Wrecking was also required to procure liability insurance that would protect Wythe as an additional insured. Wrecking did so, purchasing a commercial general liability insurance policy ("the Policy") from Indian Harbor. Wythe was an additionally-insured party under the terms of the Policy. Compl. ¶ 13.

At some point during Wrecking's work at the Property, it hired Asbestos Lead & Removal Corporation ("Asbestos Removal") as a subcontractor to remove and dispose of asbestos at the Property. Julio Cueva ("Cueva") was employed by Asbestos Removal. According to Cueva's state-court complaint, the safety arrangements for Asbestos Removal workers were the responsibility of Wrecking and Wythe. *See* Compl., *Cueva v. 373 Wythe Realty Inc.*, No. 32243/08, at ¶¶ 58-64 (Sup. Ct. Kings County Nov. 25, 2008), Strauss Aff. Ex. D (hereafter "Cueva Compl.").

On April 5, 2008, Cueva was working on the roof of the building located at the Property, at an elevation of approximately 20 to 25 feet. Cueva Compl at ¶ 54. He was directed to work at that height without any safety equipment or protection. *Id.* at ¶ 69. Cueva claims that working at that height without protection was dangerous; Wrecking and Wythe knew, or should have known, that the roof of the building was in a "dangerous,

unsafe and improper condition that foreseeably could result in roof collapse and serious injury." *Id.* at ¶ 72.

At approximately 4:30 PM, Cueva was performing asbestos removal work when the roof beneath him collapsed; Cueva fell to the ground floor and sustained "severe and debilitating injuries." *Id.* at ¶ 74. He has been unable to return to work. *Id.* at ¶ 79. He attributes his injuries to the alleged negligence of Wrecking and Wythe in allowing him to work on the unstable and high roof. *Id.* at ¶ 83.

Cueva filed suit in New York Supreme Court, Kings County, on November 25, 2008, naming both Wythe and Wrecking as defendants. Cueva Compl. at 1. Upon receipt of the Cueva lawsuit, Wythe notified Indian Harbor and demanded that Indian Harbor defend Wythe in accordance with the Policy. On February 5, 2009, Indian Harbor denied Wythe's claim. This action followed.

## II

Jurisdiction is premised on diversity: Indian Harbor is a Connecticut corporation and Wythe is a New York corporation.

When deciding a 12(b)(6) motion to dismiss, the Court "shall accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007). The plaintiff need not plead "specific facts," but must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the stated claim must be "plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).

Indian Harbor concedes that Wythe is an additionally insured under the Policy, but contends that its duty to defend Wythe is not triggered unless and until there is a determination of fault against Wrecking, the named insured. Indian Harbor premises this argument on the definition of coverage owed to "additional insured" under the Policy:

> [Wythe] is an additional insured only with respect to liability for "bodily injury," "property damage," or "personal and advertising injury" *caused*, in whole or in part, by: (1) [Wrecking's] acts or omissions; or (2) The acts or omissions of those acting on [Wrecking's] behalf; in the performance of [Wrecking's] ongoing operations for [Wythe].

Compl., Ex. C at ¶ A. ("Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required In Construction Agreement With You") (emphasis added).

Indian Harbor's argument is founded in its entirety on the use of the term "caused." Indian Harbor believes that this word means that Wrecking must be adjudged liable to Cueva before Indian Harbor is liable to Wythe:

> Indian Harbor and Wrecking . . . clearly intended that additional insured coverage vis-a-vis an insured contract would be triggered *provided* the bodily injury is caused [by Wrecking or one of its subcontractors] . . . Therefore, absent first a finding that Mr. Cueva's injuries were caused . . . by Wrecking . . . the additional insured coverage to which Wythe Realty seeks to avail itself cannot be triggered.

Indian Harbor Mem. of Law at 7-8 (emphasis in original).

Additional insured – the status Wythe enjoyed here – is a "recognized term" in New York insurance law, and "the well-understood meaning of the term is an entity enjoying the same protection as the named insured." *Kassis v. Ohio Cas. Ins. Co.*, 12 N.Y.3d

4

595, 600 (2009) (quoting *Pecker Iron Works of N.Y. v. Traveler's Ins. Co.*, 99 N.Y.2d 391, 393 (2003)).

"[I]t is well settled that an insurer's duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage." *BP Air Conditioning v. One Beacon Ins. Group*, 8 N.Y.3d 708, 714 (2007); *see also Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (same). The duty to defend is delimited by two sources: "the allegations of the complaint and the terms of the policy." *BP Air*, 8 N.Y.3d at 714.

Indian Harbor posits that the terms of its policy — more accurately, the use of the word "caused" — requires a liability finding against Wrecking before the duty to defend Wythe is triggered. This proposition is the reverse of New York's common understanding of the coverage offered to additionally insured parties. "[A]dditional insured coverage is not contingent upon a liability finding"; "the obligation of an insurer to provide a defense to an additional named insured under the policy exists to the same extent as it does to a named insured." *Id.* at 711.

*BP Air* involved similar facts: an insurer contended that it was not obligated to defend an additional insured until it was determined that personal injuries suffered at a construction work site "arose out of" the named insured's activities. *Id.* at 713.

Indian Harbor argues the use of the term "caused," in lieu of "arose out of," means that the terms of the Policy unambiguously require a liability finding; concurrently, the argument goes, *BP Air*'s "arose out of" terminology unambiguously does not require a liability finding. Indian Harbor therefore posits that the use of the term "caused" unseats

5

the "well-understood meaning" of the term "additional insured"; and, moreover, that the use of the term "caused" puts Wythe outside of the "exceedingly broad" confines of the insurer's duty to defend.

"Insurance policies are contracts to which the ordinary rules of contractual interpretations apply." *Accessories Biz, Inc. v. Linda & Jay Keane, Inc.*, 533 F. Supp. 2d 381, 386 (S.D.N.Y. 2008). New York insurance contracts are construed in light of "common speech." *Ace Wire & Cable Co. v. Aetna Cas. & Sur. Co.*, 60 N.Y.2d 390, 398 (1983). Insurance contracts must also be interpreted "according to the reasonable expectations and purposes of ordinary businesspeople when making an ordinary business contract[.]" *Gen. Motors Acceptance Corp. v. Nationwide Ins. Co.*, 4 N.Y.3d 451, 457 (2005) (internal citation omitted). In addition, New York courts have a "general reluctance to relieve a primary insurer of its duty to defend." *Id.* (citing *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61 (1991)). Any ambiguous terms in a policy "must be construed in favor of the insured and against the insurer." *White v. Cont'l Cas. Co.*, 9 N.Y.3d 264, 267 (2007) (internal citation omitted).

Indian Harbor cites no authority for the proposition that the use of the term "caused" in lieu of *BP Air's* "arose out of" carries the unambiguous signal that a finding of liability is required against Wrecking before the duty to defend may be invoked. Nor does Indian Harbor provide any explanation why a reasonable business person, upon reading the Policy, would conclude that Indian Harbor's duty to an additional insured is only triggered upon a liability finding against Wrecking. A far more reasonable interpretation — possibly *the only* reasonable interpretation — is that the duty to defend an additional insured is invoked once a lawsuit alleges that an additional insured is

6

responsible for the conduct of named insured. That is the "well-understood meaning" of the "recognized term" of additional insured. *Kassis*, 12 N.Y.3d at 600. It is also what the Cueva lawsuit alleges: that Wythe and Wrecking were responsible for the unsafe condition at the Property that led to Cueva's injuries. This claim is well within the scope of the duty to defend.

The authority cited by Indian Harbor, all from the Appellate Division and all prior to the Court of Appeals's opinion in *BP Air*, is unavailing; it stands collectively for the general proposition that insurance contracts may define the scope of coverage. *See, e.g., Longwood Cent. Sch. Dist. v. Am. Employers Ins. Co.*, 827 N.Y.S.2d 194, 195 (2d Dep't 2006) (noting that policy did not contain restrictions on scope of coverage).[1]

Had Indian Harbor wished to predicate its coverage of additionally insured parties on a finding of liability against Wrecking, the named insured, it could have done so with unambiguous contractual language. It did not. Indian Harbor's motion to dismiss is therefore denied; consequently, Indian Harbor has a duty to defend Wythe against the Cueva lawsuit under the terms of the Policy.

---

[1] Indian Harbor also cited a lower-court opinion from the *BP Air* case for the simple proposition that additionally insured parties enjoy the same protection as named insured parties "absent unambiguous contractual language to the contrary." 821 N.Y.S.2d 1, 8 (1st Dep't 2006). This Appellate Division opinion was affirmed, as modified, by the Court of Appeals in the *BP Air* decision discussed *supra*. *BP Air*, 8 N.Y.3d at 716. The modification, relating to the priority of coverage amongst multiple insurers, is not relevant here. *See id.* (holding that priority of coverage issue could not be determined because other insurance carriers had not been made parties).

## III

The Court next turns to Wythe's motion for partial summary judgment. The Court has already disposed of part of Wythe's motion insofar as it has concluded that Wythe was an additional insured under the Policy, and that Indian Harbor has a duty to defend Wythe in the Cueva lawsuit. *See A. Meyers & Sons Corp. v. Zurich Am. Ins. Group*, 74 N.Y.2d 398, 302 (1989) ("If the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend."). The primacy of coverage is a simple matter: the plain terms of the Policy state that coverage provided to an additional insured, such as Wythe, "shall apply as primary insurance in relation to any other policy issued to that additional insured." *See* Strauss Aff., Ex. C, at 18 ("Primary and Non-Contributory Wording (As Required By Written Contract)" Endorsement, "effective 12:01 a.m., January 16, 2008").

That leaves only reimbursement for Wythe's costs to date. Since Indian Harbor had a duty to defend Wythe, reimbursement is owed. Wythe has not submitted any documentation of costs, however, so the Court has no way to determine the amount of reimbursement.[2] Wythe's motion for reimbursement is therefore denied without prejudice.

---

[2] Moreover, Indian Harbor is entitled to discovery on the amount of costs to ensure they are reasonable. *See Napoli, Kaiser & Bern, LLP v. Westport Ins. Corp.*, 295 F. Supp. 2d 335, 343 (S.D.N.Y. 2003) (concluding that where duty to defend was triggered, discovery and trial were nonetheless necessary on the amount to be reimbursed).

## IV

Indian Harbor's motion to dismiss is denied. Wythe's motion for partial summary judgment is granted in part insofar as Indian Harbor is obligated to defend Wythe in the Cueva lawsuit as a primary insured, and to reimburse Wythe. Wythe's motion is denied without prejudice with respect to the amount of the reimbursement owed.[3]

**SO ORDERED.**

s/Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 10, 2010

---

[3] The Court presumes that the parties will be able to agree upon the amount of reimbursement owed without further intervention from the Court.